UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERMARL HARRIS,

      Petitioner,

v.                                    Case No: 2:17-cv-27-FtM-29MRM
                                      Case No. 2:15-CR-56-FTM-29MRM
UNITED STATES OF AMERICA,

      Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #49)[1] filed on January 17, 2017. The government filed a Response in Opposition to Motion (Cv. Doc. #10) on May 19, 2017. The petitioner filed a Reply (Cv. Doc. #11) on June 12, 2017.

## I.

On April 29, 2015, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner with conspiracy to possess with intent to distribute a detectable amount of marijuana. Petitioner entered a plea of guilty, which was accepted on December 18, 2015. (Cr. Docs. ## 33-35.)

_____

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

On March 22, 2016, the Court sentenced petitioner to a term of imprisonment of 46 months, concurrent but not coterminous with the term of imprisonment in Circuit Court case Numbers 13CF877 and 14CF300 beginning February 7, 2014, followed by a term of supervised release. Alternatively, pursuant to <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the Court recommended that the Bureau of Prisons retroactively designate the Florida facilities as defendant's location of federal imprisonment effective February 7, 2014. (Cr. Doc. #44.) Judgment (Cr. Doc. #46) was filed on March 23, 2016. Petitioner did not file a direct appeal, and timely filed his habeas petition.

**II.**

Petitioner argues that counsel was ineffective for failing to recognize that the Court could not legally have given credit for time served, and in fact the Court had no authority to provide credit. Petitioner further argues that United States Sentencing Guidelines § 5G1.3 should apply to correct his sentence. The Court finds that it has no authority to grant the relief sought.

**(1) General Legal Principles**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and

(2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different.  Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)).  "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to satisfy either of them."  Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).  The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances.  Hinton, 134 S. Ct. at 1088 (citations omitted).  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Strickland, 466 U.S. at 689. See also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (the Court looks to facts at the time of counsel's conduct).  This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689-90.  To be objectively unreasonable, the performance must be such

that no competent counsel would have taken the action. <u>Rose v.</u>
<u>McNeil</u>, 634 F.3d 1224, 1241 (11th Cir. 2011); <u>Hall v. Thomas</u>, 611
F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is
not ineffective for failing to raise or preserve a meritless issue.
<u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992);
<u>Ladd v. Jones</u>, 864 F.2d 108, 109-10 (11th Cir. 1989).

    **(2) Credit for Time Served**

Under Section 3585(b),

> A defendant shall be given credit toward the
> service of a term of imprisonment for any time
> he has spent in official detention prior to
> the date the sentence commences--
>
> **(1)** as a result of the offense for which the
> sentence was imposed; or
>
> **(2)** as a result of any other charge for which
> the defendant was arrested after the
> commission of the offense for which the
> sentence was imposed;
>
> that has not been credited against another
> sentence.

18 U.S.C. § 3585(b). Although framed as an ineffective assistance
of counsel argument, counsel presented the argument for credit for
time served, and a recommendation was made. The Court sentenced
petitioner with an alternative for a retroactive designation as
follows:

> Accordingly, it is the judgment of the Court
> that you be committed to the custody of the
> Bureau of Prisons to be imprisoned for a term
> of 46 months. The Court is going to recommend
> that that sentence be served concurrently but
> not conterminously with the state convictions

that result in your incarceration beginning on
February the 7th, 2014. In the judgment, I'll
list the case numbers that we'll get in the
presentence report.

The Court would also recommend, again, with
the aim of having the sentence be concurrent
with that time, that if the credit is not
possible, that the Bureau of Prisons
retroactively designate the state facility to
be the federal location where this sentence is
to have been served. The effect of which will
give the defendant credit for that service on
the federal sentence.

The federal sentence is not conterminous
because it doesn't end when your state
sentence ended. So you still have some time,
it's just a matter of how much time you're
going to either get credit for or the
retroactive designation will help you for.

(Cv. Doc. #10-2, pp. 18-19.)   The Court made the recommendation

for credit, "[b]ut it is the Attorney General through the BOP, not

the district court, that § 3585(b) empowers to compute sentence

credit awards after sentencing." <u>United States v. Leverette</u>, No.

17-15410, ____ F. App'x ____, 2018 WL 2068646 (11th Cir. May 3,

2018).   Therefore, counsel could not be deemed deficient in his

performance.

**(3)  Sentencing Guideline Section 5G1.3**

Petitioner argues that § 5G1.3 authorizes the credit that he

seeks, and that the Bureau of Prisons failed to award him the

credit.  Specifically,

If . . . a term of imprisonment resulted from
another offense that is relevant conduct to
the instant offense of conviction . . . the
instant offense shall be imposed as follows:

- 5 -

**(1)** the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

**(2)** the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

United States Sentencing Guidelines Manual § 5G1.3(b). However,

Sentencing Guideline § 5G1.3 does not authorize a district court to grant credit for time served prior to the imposition of sentence. The granting of credit for time served "is in the first instance an administrative, not a judicial, function." United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989). A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.

United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). Because petitioner's claim is regarding the execution of the Court's recommendation for credit and not the length of the sentence, the motion will be dismissed.

### (4)  Habeas Relief

Ordinarily, an action in which an individual seeks to collaterally attack his sentence should be filed as a motion under 28 U.S.C. § 2255 in the district of conviction 28 U.S.C. § 2255(a). Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, "challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." Antonelli v. Warden, U.S.P. Atl., 542 F.3d 1348, 1352

(11th Cir. 2008) See also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1089 (11th Cir. 2017), cert. denied sub nom. McCarthan v. Collins, 138 S. Ct. 502 (2017). "A petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration." Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985). "A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence." Antonelli, 542 F.3d at 1351 n.1.

The motion will alternatively be dismissed under 2255, without prejudice to exhausting and seeking relief in the district of incarceration under Section 2241:

> Congress has accorded the Attorney General with initial discretion to determine credit for time served by a defendant. Under the relevant statute, "[t]he Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence is imposed." 18 U.S.C. § 3568. Construing this provision, this court has held that the granting of credit for time served is in the first instance an administrative, not a judicial, function. See United States v. Morgan, 425 F.2d 1388, 1389-90 (5th Cir. 1970). Accordingly, a federal prisoner dissatisfied with the computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence. Id. at 1390; see, e.g., United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982) (defendant must pursue

administrative remedies before district court
has jurisdiction).

United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #49) is **DISMISSED.**

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file, and send petitioner a 2241 form with this Opinion and Order.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve

encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this <u>1st</u> day of June, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA