UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERMARL HARRIS,

       Petitioner,

v.                            Case No:  2:17-cv-27-FtM-29MRM
                                      Case No. 2:15-CR-56-FTM-29MRM
UNITED STATES OF AMERICA,

       Respondent.

_____

**OPINION AND ORDER**

     This matter comes before the Court on petitioner's Motion for Certificate of Appealability (Doc. #14) filed on June 11, 2018, and construed as a motion for reconsideration. The government filed a Response in Opposition (Doc. #25) on August 8, 2018, and a Supplemental Response (Doc. #29) on August 31, 2018. For the reasons set forth below, the Court will grant reconsideration, but after such reconsideration continues to deny petitioner's requested relief.

## I.  Procedural History

     Petitioner was charged in a one-count Indictment (Cr. Doc. #1) with conspiracy to possess with intent to distribute and distribution of marijuana between in or about 2010, and in or about 2014. Petitioner pled guilty to this offense, and on March 22,

2016, the Court sentenced petitioner to a term of 46 months imprisonment. (Cr. Doc. #46.)

No direct appeal was filed, but petitioner filed a timely Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Case No. 2:17-cv-27-FTM-29MRM, Cv. Doc. #1; Cr. Doc. #49) seeking relief under 28 U.S.C. § 2255. On June 1, 2018, the Court dismissed petitioner's motion, finding, *inter alia*, that relief was not available under § 5G1.3 of the United States Sentencing Guidelines because this claim concerned the execution of the Court's recommendation for credit, not the length of the sentence. (Cv. Doc. #12, pp. 5-6.) A certificate of appealability was denied within the Opinion and Order (Cv. Doc. #12), and Judgment (Cv. Doc. #13) was entered on June 1, 2018.

On June 11, 2018, petitioner filed a Notice of Appeal (Cv. Doc. #15) from the Opinion and Order and the Judgment, and a separate motion for certificate of appealability (Cv. Doc. #14) which is currently before the Court. Upon review, the Court noted attachments indicating possible exhaustion of remedies within the Bureau of Prisons, and the Regional Director's response that petitioner could seek relief in the trial court under Sentencing Guidelines § 5G1.3. As a result, the Court construed the motion as a motion for reconsideration based on new evidence and directed

the government to file a response. (Cv. Doc. #17.) Finding that the government Response did not specifically address these issues, the Court directed the filing of a supplemental response. (Cv. Doc. #26.) In the Supplement (Cv. Doc. # 29), the government argues that Sentencing Guidelines § 5G1.3 does not apply because the state sentences expired on November 14, 2015, and the federal sentence was not imposed until after the expiration of the state sentences.

## II.  Analysis

### A. Petitioner's Prior State Incarceration

The conspiracy to which petitioner pled guilty lasted from about 2010 through about 2014. In computing petitioner's criminal history, the Presentence Report (Cr. Doc. #41) noted two state court marijuana convictions for which petitioner had served concurrent terms of imprisonment. This conduct was considered part of the federal offense in this case, and so no criminal history points were added. (Id. at ¶ 76-77.) In the first state case, on November 19, 2013, petitioner pled nolo contendere to possession of marijuana over 20 grams and use or possession of drug paraphernalia. Petitioner was sentenced to 18 months of probation on the first count and 148 days in jail, with credit for time served, on the second count. (Id. at ¶ 76.) In 2014, in the second state case, petitioner violated his probation by possessing

marijuana, and was ultimately sentenced to 25 months imprisonment with credit for 148 times served. (Id.) The conduct underlying the probation violation was also charged as a separate case, to which petitioner pled nolo contendere and was sentenced to a concurrent term of 25 months imprisonment. (Id. at ¶ 77.) Petitioner was released from state prison in both cases on November 14, 2015. (Id. at ¶¶ 76, 77.)

## B. Petitioner's Federal Indictment and Sentence

On April 29, 2015, a federal grand jury in Fort Myers returned the Indictment (Cr. Doc. #1) charging petitioner with conspiracy to possess with intent to distribute and distribution of marijuana. Petitioner was arrested pursuant to a writ of habeas corpus ad prosequendum (Cr. Doc. #4) on July 29, 2015, at his place of incarceration in Orlando, Florida (Cr. Doc. #14). An Order of Detention Pending Trial (Doc. #15) was issued on August 13, 2015. (Cr. Doc. #15.) On November 14, 2015, petitioner was released from state prison. (Cr. Doc. #41, ¶ 77.)

Petitioner pled guilty to this federal offense, and on March 22, 2016, the Court sentenced petitioner to a term of 46 months imprisonment. (Cr. Doc. #46.) The Criminal Judgment stated: "This term is to be concurrent but not coterminous with the term of imprisonment in Circuit Court Case Numbers 13CF877 and 14CF300, beginning 2/7/14. Alternatively, pursuant to Barden v. Keohane,

921 F.2d 476 (3d Cir. 1990), the Court recommends that the Bureau of Prisons retroactively designate the Florida facilities as defendant's location of federal imprisonment effective 2/7/14." (Cr. Doc. #46, p. 2.)

## C. Claim of Credit for Time Served

Petitioner asserts that while he was not eligible for credit for the state sentences from the Bureau of Prisons under 18 U.S.C. § 3585, the sentencing court should have adjusted his sentence under U.S. Sentencing Guidelines Manual § 5G1.3(b), and his attorney should have objected to the failure to do so. Petitioner seeks to be re-sentences with such an adjustment.

The pertinent portion of the Sentencing Guidelines provides:

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b)(1). "By its terms, the guideline requires the court to "adjust" a defendant's sentence when all four conditions it sets forth are satisfied: (1) the defendant has time spent in

custody ("prior custody") other than for the convictions for which he is being sentenced; (2) that time served has been for relevant conduct that is accounted for by the sentence imposed for the federal crime of conviction under consideration at the sentencing; (3) the Bureau of Prisons will not itself credit the time spent in prior custody; and (4) the defendant has undischarged time remaining on his prior custody". <u>United States v. Gonzalez-Murillo</u>, 852 F.3d 1329, 1337-39 (11th Cir. 2017). "Section 5G1.3(b)'s language renders the provision mandatory; a court must adjust a prisoner's sentence when § 5G1.3(b)'s requirements are satisfied." <u>Id.</u>

Here, the Presentence Report recognizes that both of the prior sentences were completed prior to the date of petitioner's federal sentencing. Thus, the record establishes that it is undisputed that petitioner cannot satisfy the fourth requirement of § 5G1.3(b) – that he has undischarged time remaining on his prior custody.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Motion for Certificate of Appealability (Doc. #14), construed as a motion for reconsideration, is **GRANTED.** After reconsideration, the motion for certificate of appealability remains denied.

2. As petitioner has been denied a certificate of appealability, the Application (Doc. #19) to proceed *in forma pauperis* on appeal is **DENIED**.

3. The Clerk shall forward a copy of this Opinion and Order to the Eleventh Circuit forthwith.

**DONE and ORDERED** at Fort Myers, Florida, this ___3rd___ day of January, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
USCA
Petitioner
AUSA